PER CURIAM.[1]
1¶ Granted in part; otherwise denied. The ruling of the trial court granting the motion to suppress the evidence seized from defendant’s home pursuant to a search warrant is reversed, and this case is remanded for further proceedings.
The trial court was tasked with, among other issues, determining whether the police had probable cause to obtain a warrant for the search of defendant’s residence. The role of the trial court, in reviewing a magistrate’s probable cause determination, “is simply to ‘ensure that the magistrate had ‘a substantial basis for ... con-clud[ing]’ that probable cause existed.’ ” State v. Profit, 2000-1174, p. 5 (La.1/29/01); 778 So.2d 1127, 1130 (quoting Illinois v. Gates, 462 U.S. 213, 239, 103 *154 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983), quoting, Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960)). In the present case, the information supplied by the confidential informant that defendant was trafficking in cocaine, corroborated through the controlled purchase of narcotics witnessed by the detective, including the allegation that defendant “uses [his] residence to store illegal narcotics and currency,” (an allegation not contradicted at the suppression hearing) supported a reasonable, common sense inference by the magistrate that the police had a fair 12probability of finding additional amounts of cocaine at defendant’s residence. See, Profit, 2000-1174 at 6; 778 So.2d at 1130-1131, and cases cited therein. The trial court, therefore, abused its discretion by second-guessing the inferences drawn by the magistrate in the present case.
VICTORY, J., concurs in part and dissents in part for reasons assigned by CLARK, J.
CLARK, J., concurs in part and dissents in part.

. Kimball, C.J., not participating in the decision.